PER CURIAM.
United States Fire Insurance Company appeals a final summary judgment finding insurance coverage for the theft of seafood from an unattended, refrigerated tractor trailer.
Pink Star Corporation and William Bran-son, Ltd. contracted with Cole Transport, Inc. for the delivery of seafood. Cole picked up the seafood from the Miami International Airport and transported it in a refrigerated trailer to the parking area of Cole’s facility. There was no security guard on the premises at 3:00 a.m. when the driver unhitched the cab and left the cargo in the locked trailer compartment. The parking area had a fence on three sides, leaving a fourth side open for vehicular ingress and egress. Later that morning, the trailer was broken into and all the seafood was removed. Pink Star and William Branson obtained judgments against Cole for negligence and breach of contract. Cole’s insurer, United States Fire Insurance Company, denied coverage arguing that two special endorsements specifically excluded coverage for losses due to theft from unattended vehicles. The trial court disagreed and granted summary judgment in favor of the appellees. We reverse.
Appellees assert coverage under the following form endorsement which was attached to the policy:
Locked Vehicle Endorsement: This policy does not insure loss or damage caused by theft of the property insured (excluding all pilferage) while such property is left unattended in, or on, any conveyance, unless such conveyance is equipped with a fully enclosed body or compartment and the loss be a direct result of violent forcible entry (of which there shall be visible evidence) from the fully enclosed body or compartment, the doors and windows of which shall have been securely locked. All other terms and conditions remain unchanged.
Appellees’ argument is that because they made a showing that the conveyance was locked and entry obtained by force, coverage is provided under the Locked Vehicle Endorsement. U.S. Fire contends that the Locked Vehicle Endorsement was modified by the following two endorsements which were specially typed and added to the insurance policy:
*800 SPECIAL CONDITION
(1) This insurance does not cover loss by theft of property from a vehicle left unattended.
An “unattended vehicle” is defined as follows:
(2) A vehicle in a public garage or in a fenced or attended parking lot shall not be considered as “unattended” within the meaning of this Special Condition.
According to U.S. Fire, when all three endorsements are read together, the common sense and plain meaning of the endorsements is that there was no intent to provide coverage for losses suffered when vehicles containing cargo were left unattended. In its final judgment, the trial court made the finding that the trailer was not secured in a fenced-in area, but instead was left in a parking area that was only partially fenced because one side was left open for public access. That finding is supported by competent and substantial evidence.
We reject the appellees’ argument that the requirement for attendance is satisfied on a showing that the conveyance was locked and that entry was obtained by force. Because the parking area was not fenced in and there was no person in attendance providing security, the vehicle was unattended as defined in the policy’s special condition, therefore, the loss is excluded from coverage.
The summary judgment in favor of the appellees is reversed and the cause is remanded with instructions to enter a judgment for the appellant.